**H. W. BRADFORD, Appellant,**

v.

**Harold BRADY, Appellee.**

**No. 16900.**

Court of Civil Appeals of Texas.

Dallas.

March 31, 1967.

Thomas J. Cook, Dallas, for appellant.

Victor C. McCrea, Jr., of Estep, Waters, Benthul & McCrea, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a summary judgment for plaintiff in a suit to recover liquidated damages growing out of a contract for the sale of real estate. Harold Brady brought the action against H. W. Bradford alleging that both parties, joined by their wives, had entered into a written contract whereby Bradford was to purchase from Brady a house and lot for a stipulated consideration. The contract provided that the purchaser had deposited the sum of $500 and that in the event purchaser should fail to consummate the contract for any reason (with certain exceptions not here applicable) that the seller should have the right to retain the cash deposit as liquidated damages. Brady alleged that Bradford had not carried out his part of the contract and therefore the $500 deposit should be forfeited to him. Bradford answered with the contention that the contract between the parties had been entered into subject to the condition precedent that purchaser would be able to obtain proper financing. He contended that the check for the deposit of the sum of $500 contained a notation that it was "escrow money on 1902 Marydale contingent on financing." Bradford alleged that he had attempted to obtain financing but had failed to do so and therefore the contract was ineffective and unenforceable.

Brady filed his motion for summary judgment, properly verified, and supported by answers of Bradford to request for admissions of fact. Bradford filed no answer to the motion for summary judgment but did file an affidavit in which he stated that the real estate agent handling the transaction had told him that the contract would be "no good if I could not obtain financing." He also stated in the affidavit that his wife gave the agent a check to cover the escrow deposit, which check was a part of the contract, and which contained the notation with reference to contingent financing. The trial court sustained Brady's motion

and rendered judgment for plaintiff in the sum of $500.

Appellant Bradford brings forward four points of error in which he attacks the judgment but in oral argument before this court concedes that he relies principally upon his first two points. By these points he urges reversal because the written contract and the check with the notation upon it constitute inseparable instruments which must be construed together and when this is done the condition precedent concerning financing was admittedly not complied with and therefore the contract became voidable or at least a jury issue was presented regarding the intention of the parties.

█ Being an appeal from a summary judgment the only question presented to us is whether the record as presented to the trial court, as well as here, reveals the existence of issuable facts which should have been submitted to a trier of fact. The burden is upon appellant to demonstrate the existence of genuine issues of fact. In this instance he has attempted to do so by contending that although the written contract which he admittedly executed was unambiguous yet contemporaneously with the execution of such contract he, or his wife, delivered a check for earnest money with a notation thereon which would vary the terms of the original contract to such an extent as to create an issue of fact relating to the intention of the parties. We are convinced that the established law is contrary to appellant's contention.

█ The contract signed by all parties in this case is perfectly clear and unambiguous. Its terms are definite and precise. The condition of default and liquidated damages is set forth in plain and specific language. The contract also provides that: "This contract embodies the complete agreement between the parties hereto and cannot be varied or terminated except by the written agreement of the parties." The only reference to financing in the body of

this contract is that the loan, which will cover the principal consideration of the transaction, is "to be arranged for by the purchaser." It is undisputed that the financing was not arranged and that the check for the deposit was returned by the bank with the notation "Insufficient Funds".

Appellant seeks to apply sound legal principles which say that prior or contemporaneous agreements between the parties which are collateral to and integrated within the original agreement must be construed together to determine the intention of the parties. However, in advancing this contention appellant overlooks certain necessary elements which give verity to the rule he relies upon. It is true that prior or contemporaneous agreements which are collateral to an integrated agreement *and which are not inconsistent with* and *do not vary or contradict the express or implied terms or obligations thereof may be enforced.* 17 Tex.Jur., Evidence, § 370; McCormick & Ray, Texas Law of Evidence, 2d Ed., § 1631. However, in this instance the contemporaneous writing relied upon by appellant does definitely attempt to vary or contradict the express or implied terms and obligations of the basic contract. To allow such to be done would give violence to the well established rule of law that when parties have reached a valid agreement with respect to a particular subject matter, prior or contemporaneous *inconsistent* agreements may not be enforced. 17 Tex.Jur., Evidence, §§ 352, 353; McCormick & Ray, Texas Law of Evidence, 2d Ed., § 1601.

Our Supreme Court in Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, in a comprehensive opinion by Justice Calvert, reviewed the law relating to contemporaneous inconsistent agreements and held that to permit same to be applied would violate the parol evidence rule, which is not a rule of evidence at all, but a rule of substantive law. The court also pointed out that the familiar "parol evidence rule" does not countenance a distinction between the written or oral efforts to vary the plain and unambiguous terms of a written agreement.

The applicable rule is stated in 23 Tex. Jur.2d, p. 500, as follows:

"As a general rule, in the absence of fraud, accident, or mistake, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. In other words, unless a writing on its face rebuts in some manner the presumption that it is complete, inconsistent extrinsic evidence, either oral or written, is inadmissible to vary or add to the terms of the instrument."

There being no allegations of fraud, accident or mistake relating to the execution of the basic contract, the trial court was perfectly justified and required by law to disregard the alleged contemporaneous written memorandum which would obviously be inconsistent with and vary the terms of the basic instrument which is plain and unambiguous. Accordingly, no issue of fact was presented and appellant's points 1 and 2 are overruled.

By his third and fourth points appellant contends that issues of ratification of mutual mistake are presented. As stated, appellant filed no answer to appellee's motion for summary judgment and presented no extrinsic evidence in opposition thereto other than his affidavit which contains nothing but conclusions and hearsay recitations. We have carefully reviewed the record and find no basis for support relating to these contentions and they are overruled.

The judgment of the trial court is

Affirmed.